1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

JOE HAND PROMOTIONS, INC.,

12

Plaintiff,

13

v.

14

DEBORAH A. BARRY, *et al.*,

15

16

Defendants.

17

Case No.  C12-2236RSL

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE AND
GRANTING DEFENDANTS' MOTION
TO AMEND

18
19

This matter comes before the Court on Plaintiff Joe Hand Promotions, Inc.'s "Motion to

20

Strike Defendants Deborah A. Barry and Erik L. Emert's Affirmative Defenses," Dkt. 15, and

21

Defendants Deborah Barry's and Erik Emert's ("Defendants") "Motion to Amend," Dkt. # 20.

22
23

Having reviewed the parties' memoranda and supporting documents, and the remainder of the

24

record, the Court finds as follows:

25

(1)  This dispute arises out of Plaintiff's alleged contractual right to distribute the UFC

26

133: Evans v. Ortiz broadcast and Defendants' alleged unauthorized interception of this

27
28

ORDER DENYING MOTION TO STRIKE
AND GRANTING MOTION TO AMEND - 1

broadcast via satellite and/or cable in violation of 47 U.S.C. § 605 and/or § 553.  Dkt. # 1 ¶¶ 3.1-4.7.  Defendants' answer to Plaintiff's complaint asserts 17 affirmative defenses.  Dkt. # 12 at 7-8.

(2) On April 5, 2013, Plaintiff filed a motion to strike Defendants' affirmative defenses on the grounds that they provide insufficient notice of the facts upon which they are based and assert premature arguments about damages.  Dkt. # 15.  Shortly thereafter, Defendants sought leave to amend their answer to remove some of the previously asserted affirmative defenses and provide additional factual allegations to support the remaining affirmative defenses.  Dkt. # 21.  Plaintiff has not opposed Defendant's motion.

(3) Once a court has entered a pretrial scheduling order establishing a timetable for amendment of pleadings, that scheduling order "controls the subsequent course of the action unless modified by the court."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (internal quotation marks omitted).  Defendants' motion is timely, as the deadline for amending pleadings is October 9, 2013.  Dkt. #16.  Furthermore, the Court considers Plaintiff's failure to respond to Defendant's motion "an admission that the motion has merit."  LCR 7(b)(2).  Thus, the Court GRANTS Defendants' motion to amend their answer.  Plaintiff's motion to strike is therefore DENIED as moot.

(4) Finally, the Court thinks it important to note its discontent with defendants' submission of 17 boilerplate affirmative defenses.  Dkt. # 12 at 7-8.  Asserting affirmative defenses not grounded in fact is disfavored.  Furthermore, the Court is concerned that Defendants agreed to amend these defenses only after plaintiff filed this motion.  See Dkt. # 15

ORDER DENYING MOTION TO STRIKE
AND GRANTING MOTION TO AMEND - 2

at 12-13.  The Court reminds counsel that an attorney or party who fails to comply with the

Federal or Local Rules "or who presents to the court unnecessary motions or unwarranted

opposition to motions. . . or who otherwise so multiplies or obstructs the proceedings in a case"

may face sanctions and be required to satisfy personally the unnecessary expense.  LCR 11(c).

The Court hereby instructs Defendants to review the affirmative defenses set forth in their

Amended Answer to determine whether further amendment or withdrawal is necessary.  Plaintiff

may re-file its motion to strike and request its fees should it determine that further revisions are

necessary.  The Court also urges both parties to cooperate with each other to avoid filing

unnecessary motions.

    For all of the foregoing reasons, Plaintiff's motion to strike (Dkt. # 15) is DENIED and

Defendants' motion to amend (Dkt. # 20) is GRANTED.

    DATED this 21st day of June, 2013.


                            _MWR S Casnik_
                            Robert S. Lasnik
                            United States District Judge

ORDER DENYING MOTION TO STRIKE
AND GRANTING MOTION TO AMEND - 3